

SEDGWICK, DETERT, MORAN & ARNOLD LLP
Christopher J. Keale, Esq.  CK7732
Three Gateway Center, Twelfth Floor
Newark, New Jersey 07102
(973) 242-0002
Attorneys for Defendant, Brake Parts, Inc.

## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| FRANCIS L. SWINICK AND BARBARA TAFIL | § § § | CIVIL ACTION NO. 09- 1349 MS |
| Plaintiffs, | § § § | Hearing Date: , 20__ |
| VS. | § § | |
| 3M COMPANY, ET AL., INCLUDING BRAKE PARTS, INC. | § § | |
| Defendants. | | |

## NOTICE OF REMOVAL PURSUANT TO 28 U.S.C § 1452
## AND FEDERAL RULE OF BANKRUPTCY PROCEDURE 9027

TO THE HONORABLE JUDGE OF UNITED STATES BANKRUPTCY COURT:

Pursuant to Title 28 U.S.C. § 1452(a), Defendant Brake Parts, Inc. ("BPI"), gives notice of

the removal of an action filed against it in the Superior Court of the State of New Jersey, Middlesex

County, to the United States Bankruptcy Court for the District of New Jersey.  In support, BPI

respectfully offers the following:

### Preliminary Matters

1.     Plaintiffs filed this lawsuit, entitled Francis L. Swinick and Barbara Tafil v. 3M Company, et al, Docket No. MID-L-215-09AS against numerous defendants in the Superior Court of the State of New Jersey, Middlesex County.

2.     On or about January 15, 2009, plaintiffs filed a First Amended Complaint adding BPI as a defendant for the first time.  (See Summons and Amended Complaint attached hereto as Exhibit A.)  The Fourth Amended Complaint was served on BPI on or around February 9, 2009.  BPI was named in Plaintiffs' First Amended Complaint as "Brake Parts, Inc., as successor-in-interest to Raybestos Brakes."  (Id.)

3.     The Plaintiffs are represented in this matter by the law firms of Levy, Phillips & Konigsberg and Szaferman, Lakind, Blumstein, Blader & Lehman, both of Lawrenceville, New Jersey.

4.     BPI's Notice of Adoption of Standard Answer was filed with the Superior Court of the State of New Jersey, Middlesex County, on February 25, 2009.  (See Notice of Adoption of Standard Answer and Standard Answer to Complaint with Cross-Claim, Answer to Cross-Claims, Demand for Trial by Jury, Demand for Answers to Interrogatories, and Demand for Statement of Damages as to Defendant Brake Parts, Inc., attached hereto as Exhibit B.)

5.     This Notice of Removal is timely filed in that it is filed within thirty (30) days after the receipt by BPI of "a copy of the initial pleading setting forth the claim or cause of action sought to be removed" pursuant to Rule 9027 (a)(3) of the Federal Rules of Bankruptcy Procedure.

6.     Consent of the other named co-defendants is not necessary for removal pursuant to 28 U.S.C. § 1452. See Creasy v. Coleman Furniture Corp., 763 F.2d 656, 660 (4th Cir. 1985). Further, a cost bond is not required to accomplish this removal.

## Nature Of The Case

7.    The case is based on Plaintiff's allegations that Francis Swinick's asbestos-related disease, specifically mesothelioma, was caused by his exposure to asbestos dust and/or fibers.

8.    Plaintiff asserts strict liability, negligence, failure to warn, breach of warranty and other claims against BP, based on various theories.

## Grounds For Removal

9.    "Raybestos" was a trademark for products manufactured by predecessor entities of Raytech Corporation, an affiliate of Raymark Corp., a holding company and sole shareholder of Raymark Industries, Inc., formerly known as Raybestos Manhattan.

10.    Raytech Corporation filed a petition seeking relief under Chapter 11 of Title 11, United States Code in the United States Bankruptcy Court, District of Connecticut on March 10, 1989, under case number 5-89-00293(AHWF).

11.    In 1998, Raymark and Raycorp each filed voluntary petitions for bankruptcy under Chapter 11 of the United States Bankruptcy Code, 11 U.S.C. 101 et seq. (the "Bankruptcy Code") with the United States Bankruptcy Court for the District of Utah.

12.    The Raymark and Raycorp bankruptcy cases were subsequently transferred to the United States Bankruptcy Court for the District of Connecticut and jointly administered with the bankruptcy of Raytech Corporation.

13.    That Bankruptcy Petition resulted in an order, dated August 31, 2000, confirming Raytech Corporation's recommended plan of reorganization.  (Attached hereto as Exhibit C).

14.     On February 3, 2006, Laureen M. Ryan, the Chapter 11 Trustee for Raymark, Raycorp and Universal Friction Composites, Inc. filed her Amended Plan of Reorganization (the "Raymark Plan").

15.     On May 22, 2006, the United States Bankruptcy Court for the District of Connecticut entered an order confirming the Raymark Plan (the "Confirming Order") (Attached hereto as Exhibit D.)

16.     The Confirming Order was affirmed by the United States Bankruptcy Court for the District of Connecticut on May 23, 2006. (See Exhibit D at page 30.)

17.     Pursuant to the Raymark Plan, the Confirming Order established a personal injury trust (the "PI Trust"). (See Exhibit D at page 14.)

18.     The PI Trust assumed responsibility for the payment of claims asserted for asbestos related injuries (the "PI Trust Claims"). (Id.)

19.     The Confirming Order also included a permanent channeling injunction ("the Asbestos PI Permanent Channeling Injunction"). (Id.)

20.     The Asbestos PI Permanent Channeling Injunction "forever stay[s], enjoin[s] and restrain[s] any Entity from…commencing, conducting or continuing in any manner, directly or indirectly, any suit…in any forum against or affecting any PI Protected Party…" (Id. at 22.)

21.     The Asbestos PI Permanent Channeling Injunction defines PI Protected Parties as inter alia "(vi) any Entity…to the extent he, she, or it is alleged to be directly or indirectly liable for the conduct of, Claims against, or Demands on the Debtors, an Affiliate or the PI Trust by reason of one of the following … (e) such Entity's involvement in a transaction changing the corporate

4

structure, or in a loan or other financial transaction affecting the financial condition, of the Debtors, or the Related Parties." (Id. at 23-24.)

22.    In 1985, Brake Systems, Inc. ("BSI"), a subsidiary of Echlin, Inc., acquired certain assets of Raymark's brake product divisions as part of an asset purchase agreement with Raymark.

23.    Some of Raymark's brake product division assets acquired by BSI were subsequently sold to BPI.

24.    In 1998, Dana Corporation acquired BSI and BPI when it acquired the stock of Echlin.

25.    In 2004, Affinia Group Inc. acquired BPI in an asset purchase agreement with Dana.

26.    There are several grounds upon which the Bankruptcy Court has exclusive jurisdiction to decide the issues raised in the this matter. First, the United States Bankruptcy Court has jurisdiction over "all civil proceedings arising under [the Bankruptcy Code] or arising in or related to [bankruptcy] cases." 28 U.S.C. § 1334(b); 28 U.S.C. § 157(a). This "related to" jurisdiction creates federal jurisdiction over all third-party disputes to which the bankruptcy estate is not a party, but that are nonetheless "related to" a bankruptcy case in some manner. Celotex Corp. v. Edwards, 514 U.S. 300, 308 (1995) (quoting Pacor, Inc. v. Higgins, 743 F.2d 984, 994 (3d Cir. 1984). A proceeding "falls within the 'related to' jurisdiction of the bankruptcy court" if "its outcome might have any 'conceivable effect' on the bankrupt estate." Navon v. Mariculture Prods. Ltd., 395 B.R. 818, 821 (D. Conn. 2008) (quoting Publicker Indus., Inc. v. United States (In re Cuyahoga Equip. Corp.), 980 F.2d 110, 114 (2d Cir. 1992) (following Pacor). Second, where a "channeling injunction" is entered to enjoin future legal action against the Debtor or certain third-parties, the Bankruptcy Court has exclusive jurisdiction over any future related proceedings. 11

U.S.C. § 524(g)(2)(A); *see also* Exhibit D at 22-23.  Under § 524(g), "any proceeding that involves

the validity, application, construction, or modification of such injunction…may be commenced only

in the district court in which such injunction was entered, and such court shall have exclusive

jurisdiction…." Id.; see also In re Johns-Manville Corp., 97 B.R. 174, 180-81 (Bankr. S.D.N.Y.

1989)(concluding that Bankruptcy Court retains post-confirmation jurisdiction to determine certain

disputes, especially those arising under a reorganization plan); In re RBS Indus., 115 B.R. 419, 421

n. 3 (Bankr. D. Conn. 1990)(concluding Bankruptcy Court retained jurisdiction to determine all

controversies arising under reorganization plan).

27.     This lawsuit brought against BPI in New Jersey Superior Court is "related to" the

Raymark bankruptcy and, as such, the United States Bankruptcy Court for the District of New Jersey

has exclusive jurisdiction.  The Complaint seeks damages from BPI, a PI Protected Party under the

terms of the Confirming Order.  The mere filing of a lawsuit against a PI Protected Party, such as

BPI, invokes the protection of the Confirming Order and Channeling Injunction contained therein.

28.     The Bankruptcy Code was amended in 1994 to include § 524(g) so that companies

could "globally resolve claims and free [themselves] from future asbestos tort liability." In re G-I

Holdings, Inc. v. Bennet, 328 B.R. 691, 694 (D.N.J. 2005).  Section 524(g) provides asbestos

defendants with the benefit of a statutory "channeling injunction" applicable to present and future

holders of asbestos-related tort claims. Id., 11 U.S.C. § 524(g)(1).  Under section 524(g)(2)(B)(ii),

the debtor creates a trust as part of its plan of reorganization.  The trust is then vested with the

reorganized debtor's stock, which will pay present and future asbestos-related claims. See, In re G-I

Holdings, Inc., 328 B.R. at 694-95; § 524(g)(2)(B)(i)(II).  In exchange for funding the trust, the

debtor, its predecessors **and alleged successors in interest**, and any affiliates receive broad

protection from any asbestos-related claims through the Bankruptcy Court's issuance of a "channeling injunction" directing asbestos claims exclusively to the trust. See In re G-I Holdings, Inc., 328 B.R. at 695 (emphasis added); § 524(g)(3)-(4).

29.    Section 524(g) provides a special form of supplemental injunctive relief for an insolvent debtor [and its non-debtor affiliates] facing the unique problems and complexities associated with asbestos liability." In re Combustion Eng'g, Inc., 391 F.3d 190, 234 (3d Cir.2004). The statute calls for the creation of a channeling injunction and trust that will cleanse the debtor corporation of its present and future asbestos liability while providing a source of funding to pay future claims. § 524(g)(1), (2)(B); see also Combustion Eng'g, 391 F.3d at 234. "[A] debtor must satisfy the perquisites set forth in 524(g)" to obtain this relief. Id. The statutory prerequisites are "specifically tailored to protect the due process rights of future claimants." Id. at 234 n. 45; see also In re Johns-Manville Corp., 517 F.3d 52, 67 (2nd Cir. 2008).

30.    "[N]o entity that pursuant to such plan or thereafter becomes a direct or indirect transferee of, or successor to any assets of, a debtor or trust that is the subject of the injunction shall be liable with respect to any claim or demand made against such entity by reason of its becoming such a transferee or successor." § 524(g)(3)(A)(ii)  And as section 524(g)(4)(A)(ii)(I) provides:

> Notwithstanding the provisions of section 524(e)[1], such an injunction may bar any action directed against a third party who is identifiable from the terms of such injunction (by name or as part of an identifiable group) and is alleged to be directly or indirectly liable for the conduct of, claims against, or demands on the debtor to the extent such alleged liability of such third parties arises by reason of... (I) the third party's ownership of a financial interest in the debtor, a past or

---

1 Title 11 U.S.C. § 524(e) provides that "discharge of a debt of the debtor does not affect the liability of any other entity on, or the property of any other entity for, such debt."

present affiliate of the debtor, or a predecessor in interest of the debtor...

31.    Plaintiffs allege that BPI is a successor-in-interest to Raybestos and its progeny. The only claims asserted by plaintiffs against BPI arise from their claim that BPI is the successor-in-interest to Raybestos Brakes. If, as plaintiffs contend, BPI is the successor-in-interest to Raybestos Brakes, then BPI, in accordance with the Confirming Order and Channeling Injunction, is deemed to be a PI Protected Party.

32.    Accordingly, the mere filing of a complaint against BPI "as successor-in-interest to Raybestos Brakes" invokes the protection of the Confirming Order and the Channeling Injunction contained therein, requiring the removal to the United States Bankruptcy Court for the District of New Jersey based on its exclusive jurisdiction over this matter.

33.    Upon removal, the proceedings with respect to the removed claims are non-core. BPI does not consent to entry of a final order or judgment by the bankruptcy judge to the extent the bankruptcy court is authorized to hear or determine such claims consistent with 28 U.S.C. §157(b)(5).

### Conclusion

34.    Removal of this action is proper under 28 U.S.C. § 1452(a), because it is a civil action brought in a state court, not exempt from removal, this Court has subject matter jurisdiction over the removed claims pursuant to 28 U.S.C. §1334, and these cross-claims are "related to" Raytech's bankruptcy proceeding.

THEREFORE, Brake Parts, Inc., pursuant to these statutes and in conformance with the requirements set forth in 28 U.S.C. § 1452(a) and Rule 9027 (a)(3) of the Federal Rules of Bankruptcy Procedure, removes this action from the Superior Court of the State of New Jersey, Middlesex County, on this 4th day of March, 2009.

Respectfully submitted,
**Sedgwick, Detert, Moran & Arnold LLP**
**Three Gateway Center, 12th Floor**
**Newark, New Jersey 07102**
**(973) 242-0002**

By: _____
    Christopher J. Keale CK7732

**ATTORNEYS FOR DEFENDANT:**
**Brake Parts, Inc.**

**cc: Via Hand Delivery**
Arnold Lakind, Esq.
Szaferman Lakind Blumstein & Blade, P.C.
101 Grovers Mill Road, Ste. 200
Lawrenceville, NJ 08648

Moshe Maimon, Esq.
Levy Phillips & Konigsberg, LLP
101 Grovers Mill Road, Ste. 200
Lawrenceville, NJ 08648
ATTORNEYS FOR PLAINTIFF

All Known Defense Counsel (via regular mail)

A

SZAFERMAN, LAKIND,
   BLUMSTEIN & BLADER, P.C.
101 Grovers Mill Road, Suite 200
Lawrenceville, N.J. 08648
(609) 275-0400

LEVY PHILLIPS & KONIGSBERG, LLP
101 Grovers Mill Road, Suite 200
Lawrenceville, N.J. 08648
(609) 720-0400
Attorneys for Plaintiffs

RECEIVED & FILED

2009 JAN 15  PM 1: 10

MASS TORT CIVIL DIV
MIDDLESEX VICINAGE

| | |
|---|---|
| FRANCIS L. SWINICK and BARBARA TAFIL,<br><br>              Plaintiffs,<br><br>     v.<br><br>3M COMPANY; ALPHA WIRE CORP.; ALLEN-BRADLEY COMPANY; BELDEN WIRE & CABLE COMPANY; BOISE CASCADE; CBS CORPORATION, a Delaware Corporation, f/k/a, Viacom, Inc., successor by merger to CBS Corporation, a Pennsylvania Corporation, f/k/a Westinghouse Electric Corporation; CCX, INC., individually and as successor to Hatfield Wire & Cable Company, a division of Continental Copper & Steel Industries, Inc.; CHROMALOX, INC.; COOPER ELECTRIC SUPPLY CO., individually and as successor to Fromm Electric Supply; COOPER INDUSTRIES, LLC, as successor-in-interest to Cooper Industries, Inc. and Crouse-Hinds Company; COOPER LIGHTING, LLC, f/k/a Halo; CUTLER-HAMMER, INC.; DELAWARE GESSI, INC., individually and a/k/a GENERAL SUPPLY & SERVICE, INC. and GEXPRO; ERICSSON INC., successor-in-interest to Anaconda Wire & Cable Company; FEDERAL PACIFIC ELECTRIC COMPANY; GENERAL CABLE CORPORATION, individually and as | SUPERIOR COURT OF NEW JERSEY LAW DIVISION, MIDDLESEX COUNTY<br><br>DOCKET NO.: MID-L-215-09AS<br><br><br><br>**Civil Action – Asbestos Litigation**<br><br><br><br><br><br>**FIRST AMENDED COMPLAINT, JURY DEMAND, DEMAND FOR ANSWERS TO STANDARD INTERROGATORIES AND DESIGNATION OF TRIAL COUNSEL** |

successor-in-interest to Carol
Cable Company, Inc.; GENERAL
ELECTRIC COMPANY; GENERAL WIRE &
CABLE; GRAYBAR ELECTRIC COMPANY,
INC.; HUBBELL, INC.,
individually and as successor-
in-interest to and d/b/a as
Killark and as successor-in-
interest to Bryant Electric
Company; INVENSYS PROCESS
SYSTEMS, individually and as
successor to The Foxboro
Company; LEVITON MANUFACTURING
COMPANY, INC.; MERCURY LIGHTING
PRODUCTS CO., INC.; PHELPS DODGE
COOPER; PROGRESS LIGHTING, INC.;
ROCKBESTOS SURPRENANT CABLE
CORP., f/k/a Rockbestos Products
Corp.; SEA GULL LIGHTING
PRODUCTS, LLC; SIEMENS ENERGY &
AUTOMATION, INC., f/k/a I-T-E
Circuit Breakers and
individually and as successor-
in-interest to Siemens-Furnas
Controls and The Furnas Electric
Company; SQUARE-D CO.; SUPERIOR
ESSEX, INC., as successor-in-
interest to Essex Wire & Cable;
THE MARMON GROUP, INC.,
individually and as successor-
in-interest to the Cerro-Maron
Corp., Cerro Corp., Cerro Wire &
Cable, Inc., The Rockbestos Co.
and The Rockbestos Products
Corp.; THE OKONITE COMPANY;
UNION CARBIDE CORPORATION;
VICTAULIC COMPANY, individually
and as successor-in-interest to
Simkar Corp.; WEYERHAUSER
COMPANY; BRAKE PARTS, INC., as
successor-in-interest to
Raybestos Brakes; WYETH HOLDINGS
CORPORATION, f/k/a AMERICAN
CYANAMID COMPANY; John Doe
Corporations 1 through 50; and
John Doe Corporations 51 through
75,

                    Defendants.

Plaintiffs, Francis L. Swinick and Barbara Tafil, by way of complaint against Defendants, allege and say:

### PARTIES - PLAINTIFFS

1.    Plaintiff, Francis L. Swinick, is an individual residing at 6 South 10th Avenue, Manville, NJ 08835.

2.    Plaintiff, Barbara Tafil, is the fiance of Plaintiff Francis L. Swinick, also residing at 6 South 10th Avenue, Manville, NJ 08835.

3.    Starting in approximately 1970 and continuing for over 20 years, Plaintiff, Francis L. Swinick, worked as an electrician in New Jersey, performing electrical work and maintenance functions at various residential, commercial, and industrial sites.  During the course of his employment, and as part of his regular duties, Mr. Swinick worked with or in the vicinity of others working with asbestos-containing products from which he was exposed to asbestos fibers, dust, minerals and/or particles and other finished and/or unfinished asbestos products.

4.    Starting in approximately 1970, Plaintiff, Francis L. Swinick, performed home construction work and renovations, which included the use of joint compounds sheetrock, and electrical products, during which time he was exposed to asbestos fibers, dust, minerals and/or particles and other finished and/or unfinished asbestos products.

5.    As a direct and proximate result of the above exposures, Plaintiff, Francis L. Swinick, contracted mesothelioma and has suffered, and continues to suffer, from various diverse injuries.

**PARTIES - DEFENDANTS**

6.   Defendants, 3M COMPANY; ALPHA WIRE CORP.; ALLEN-BRADLEY
COMPANY; BELDEN WIRE & CABLE COMPANY; BOISE CASCADE; CBS
CORPORATION, a Delaware Corporation, f/k/a, Viacom, Inc., successor
by merger to CBS Corporation, a Pennsylvania Corporation, f/k/a
Westinghouse Electric Corporation; CCX, INC., individually and as
successor to Hatfield Wire & Cable Company, a division of
Continental Copper & Steel Industries, Inc.; CHROMALOX, INC.;
COOPER ELECTRIC SUPPLY CO., individually and as successor to Fromm
Electric Supply; COOPER INDUSTRIES, LLC, as successor in interest
to Cooper Industries, Inc. and Crouse-Hinds Company; COOPER
LIGHTING, LLC, f/k/a Halo; CUTLER-HAMMER, INC.; DELAWARE GESSI,
INC., individually and a/k/a GENERAL SUPPLY & SERVICE, INC. and
GEXPRO; ERICSSON INC., successor-in-interest to Anaconda Wire &
Cable Company; FEDERAL PACIFIC ELECTRIC COMPANY; GENERAL CABLE
CORPORATION, individually and as successor-in-interest to Carol
Cable Company, Inc.; GENERAL ELECTRIC COMPANY; GENERAL WIRE &
CABLE; GRAYBAR ELECTRIC COMPANY, INC.; HUBBELL, INC., individually
and as successor-in-interest to and d/b/a as Killark and as
successor-in-interest to Bryant Electric Company; INVENSYS PROCESS
SYSTEMS, individually and as successor to The Foxboro Company;
LEVITON MANUFACTURING COMPANY, INC.; MERCURY LIGHTING PRODUCTS CO.,
INC.; PHELPS DODGE COOPER; PROGRESS LIGHTING, INC.; ROCKBESTOS
SURPRENANT CABLE CORP., f/k/a Rockbestos Products Corp.; SEA GULL
LIGHTING PRODUCTS, LLC; SIEMENS ENERGY & AUTOMATION, INC., f/k/a I-
T-E Circuit Breakers and individually and as successor-in-interest

to Siemens-Furnas Controls and The Furnas Electric Company; SQUARE-D CO.; SUPERIOR ESSEX, INC., as successor-in-interest to Essex Wire & Cable; THE MARMON GROUP, INC., individually and as successor-in-interest to the Cerro-Maron Corp., Cerro Corp., Cerro Wire & Cable, Inc., The Rockbestos Co. and the Rockbestos Products Corp.; THE OKONITE COMPANY; UNION CARBIDE CORPORATION; VICTAULIC COMPANY, individually and as successor-in-interest to Simkar Corp.; WEYERHAEUSER COMPANY; BRAKE PARTS, INC., as successor-in-interest to Raybestos Brakes; and WYETH HOLDINGS CORPORATION, f/k/a American Cyanamid Company were manufacturers, suppliers or distributors of asbestos fibers, dust, minerals, particles and other finished and unfinished asbestos products that Plaintiff used or to which he was exposed.

7.    John Doe Corporations 1 through 50 are the fictitious names of corporations, partnerships, and/or other business entities whose identities are not presently known, and who mined, manufactured, sold, marketed, installed and/or removed asbestos or asbestos containing products that Plaintiff used or was exposed to.

8.    John Doe Corporations 51 through 75 are the fictitious names of corporations, partnerships, and/or other business entities whose identities are not presently known, and who are the alter egos of or are otherwise responsible for the conduct or liability of those who mined, milled, manufactured, sold, marketed, installed and/or removed asbestos, or asbestos containing products, that Plaintiff used or was exposed to.

9.    The term "Defendants" refers to all of the entities named

above.

## FIRST COUNT

10.  Plaintiffs repeat and reallege each and every allegation contained in paragraphs 1 through 9 as though hereinafter set forth at length.

11.  The Defendants conduct and/or have conducted business in New Jersey at all times relevant herein.

12.  The Defendants breached their warranties, both express and implied, for fitness of purpose and merchantability.

13.  The Defendants are strictly liable in tort.

14.  As a direct and proximate cause of Defendants' negligence, breach of warranties, both expressed and implied, and strict liability in tort, Plaintiff contracted mesothelioma and has suffered, and continues to suffer from other various diverse injuries and attendant complications.

15.  It was foreseeable to the Defendants that Plaintiff, and others similarly situated, would be injured as a result of their actions, inactions and misconduct.

**WHEREFORE**, Plaintiffs demand judgment against the Defendants, jointly and severally for:

a)  Compensatory damages;

b)  Punitive damages;

c)  Pre-judgment and post judgment interest;

d)  Costs;

e)  Attorney fees and litigation expenses; and

f)  Such other relief as the Court may deem just and proper.

## SECOND COUNT

16.  Plaintiffs repeat and reallege each and every allegation contained in paragraphs 1 through 15 as though hereinafter set forth at length.

17.  The Defendants, jointly and severally marketed an ultra-hazardous product and placed that product in the stream of commerce.

18.  As a direct and proximate result of the Defendants' actions, Plaintiff contracted mesothelioma and has suffered, and continues to suffer from other various diverse injuries and attendant complications.

**WHEREFORE**, Plaintiffs demand judgment against the Defendants, jointly and severally for:

a) Compensatory damages;

b) Punitive damages;

c) Pre-judgment and post judgment interest; .

d) Costs;

e) Attorney fees and litigation expenses; and

f) Such other relief as the Court may deem just and proper.

## THIRD COUNT

19.  Plaintiffs repeat and reallege each and every allegation contained in paragraphs 1 through 18 as though hereinafter set forth at length.

20.  Defendants breached their non-delegable duty to warn and negligently supplied defective materials and products without ensuring that Plaintiff and his employers were warned about the

dangers of asbestos exposure.

21.  Defendants' actions prevented Plaintiff's employers from educating Plaintiff, and their other employees, on the dangers of asbestos exposure and from taking action to minimize the risks of exposure in and out of the workplace.

22.  As a direct and proximate result of Defendants' actions and inaction, Plaintiff contracted mesothelioma and suffered, and continues to suffer from other various diverse injuries and attendant complications.

**WHEREFORE**, Plaintiffs demand judgment against the Defendants, jointly and severally for:

a) Compensatory damages;

b) Punitive damages;

c) Pre-judgment and post judgment interest;

d) Costs;

e) Attorney fees and litigation expenses; and

f) Such other relief as the Court may deem just and proper.

### FOURTH COUNT

23.  Plaintiffs repeat and reallege each and every allegation contained in paragraphs 1 through 22 as though hereinafter set forth at length.

24.  Defendants willfully, wantonly and intentionally conspired, and acted in concert, to withhold information from Plaintiff, Plaintiff's employers and the general public concerning the known hazards associated with the use of, and exposure to, asbestos products.

25. Defendants willfully, wantonly and intentionally conspired, and acted in concert, to withhold information from Plaintiff, Plaintiff's employers and the public relating to the fact that asbestos fiber inhalation could be fatal.

26. Defendants willfully, wantonly and intentionally conspired, and acted in concert, to disseminate false product safety information to Plaintiff, Plaintiff's employers and the public.

27. Defendants willfully, wantonly and intentionally conspired, and acted in concert, to prevent the dissemination of information concerning their products' hazards and dangers.

28. Defendants willfully, wantonly and intentionally failed to take appropriate action to minimize the risks of asbestos exposure to Plaintiff and the general public.

29. As a direct and proximate result of Defendants' willful, wanton and intentional acts, Plaintiff contracted mesothelioma and suffered, and continues to suffer from other various diverse injuries and attendant complications.

**WHEREFORE,** Plaintiffs demand judgment against the Defendants, jointly and severally for:

a) Compensatory damages;

b) Punitive damages;

c) Pre-judgment and post judgment interest;

d) Costs;

e) Attorney fees and litigation expenses; and

f) Such other relief as the Court may deem just and proper.

## FIFTH COUNT

30.    Plaintiffs repeat and reallege every allegation contained in paragraphs 1 through 29 as though hereinafter set forth at length.

31.    Plaintiff, Barbara Tafil, is the fiance of Francis L. Swinick.

32.    Due to the actions of all of the Defendants, Plaintiff, Barbara Tafil, has been wrongfully deprived of her fiance's society, services and consortium.

**WHEREFORE**, Plaintiffs demand judgment against all of the Defendants, jointly and severally for:

a) Compensatory damages;

b) Punitive damages;

c) Pre-judgment and post judgment interest;

d) Costs;

e) Attorney fees and litigation expenses; and

f) Such other relief as the Court may deem just and proper.

Plaintiffs hereby incorporate by reference all allegations set forth in the Standard Complaint, as amended, which is contained in the Asbestos Manual.  A copy of the Asbestos Manual which contains the Standard Complaint can be obtained from the Middlesex County Mass Tort Clerk or by visiting the following website:

**DEMAND FOR INTERROGATORIES**

Pursuant to the Asbestos Litigation General Order, Section
VI.B. which can be found at
http://www.judiciary.state.nj.us/mass-tort/asbestos/manual/general
rder1.pdf, Plaintiffs hereby demand that the above listed
Defendants answer Standard Interrogatories in the form prescribed
by the Court and within the time provided by the above referenced
Order.  A copy of the Standard Interrogatories are contained in the
Asbestos Manual and may be obtained from the Clerk or by visiting
the following website:
http://www.judiciary.state.nj.us/mass-tort/asbestos/manual/attache.
pdf

                              SZAFERMAN, LAKIND,
                                BLUMSTEIN & BLADER, P.C.
                              Attorneys for Plaintiffs

                        By: _____
                              ARNOLD C. LAKIND, ESQ.

Dated: January 14, 2009

**CERTIFICATION PURSUANT TO R. 4:5-1**

Pursuant to Rule 4:5-1, I certify that the matter in
controversy is not the subject of any other action pending in any
court, or of a pending arbitration proceeding, that no other action
or arbitration proceeding is contemplated, and that I am not aware
of any non-party who should be joined in this action pursuant to R.
4:28 or who is subject to joiner pursuant to R. 4:29-1 (b) because
of potential liability to any party on the basis of the same facts.

13

I further certify that the foregoing statements made by me are true.  I am aware that if any of the foregoing statements made by me are wilfully false that I am subject to punishment.

SZAFERMAN, LAKIND,
  BLUMSTEIN & BLADER, P.C.
Attorneys for Plaintiffs

By: _____
    ARNOLD C. LAKIND, ESQ.

Dated: January 14, 2009

# CIVIL CASE INFORMATION STATEMENT
## (CIS)

Use for initial Law Division
Civil Part pleadings (not motions) under Rule 4:5-1.
**Pleading will be rejected for filing, under Rule 1:5-6(c), if information above the black bar is not completed or if attorney's signature is not affixed.**



| FOR USE BY CLERK'S OFFICE ONLY |
| --- |
| PAYMENT TYPE: CK CG CA |
| CHG/CK NO. |
| AMOUNT: |
| OVERPAYMENT: |
| BATCH NUMBER: |

| ATTORNEY/PRO SE NAME | TELEPHONE NUMBER | COUNTY OF VENUE |
| --- | --- | --- |
| Arnold C. Lakind, Esq. | ( 609 ) 275-0400 | Middlesex County |

**FIRM NAME (If applicable)**
Szaferman, Lakind, Blumstein & Blader, P.C.

DOCKET NUMBER (When available)
MID-L-*215·09* ~~08AS~~

**OFFICE ADDRESS**
101 Grovers Mill Road
Suite 200
Lawrenceville, NJ 08648

DOCUMENT TYPE
**Complaint**

JURY DEMAND [X] YES [ ] NO

| NAME OF PARTY (e.g., John Doe, Plaintiff) | CAPTION |
| --- | --- |
| Francis L. Swinick and Barbara Tafil, Plaintiffs | Francis L. Swinick v. 3M Company, et al. |

CASE TYPE NUMBER (See reverse side for listing)
**601**

IS THIS A PROFESSIONAL MALPRACTICE CASE? [ ] YES [X] NO
IF YOU HAVE CHECKED "YES," SEE N.J.S.A. 2A:53A-27 AND APPLICABLE CASE LAW REGARDING YOUR OBLIGATION TO FILE AN AFFIDAVIT OF MERIT

RELATED CASES PENDING? [ ] YES [X] NO    IF YES, LIST DOCKET NUMBERS

DO YOU ANTICIPATE ADDING ANY PARTIES (arising out of same transaction or occurrence)? [ ] YES [X] NO

NAME OF DEFENDANT'S PRIMARY INSURANCE COMPANY, IF KNOWN
[ ] NONE [X] UNKNOWN

## THE INFORMATION PROVIDED ON THIS FORM CANNOT BE INTRODUCED INTO EVIDENCE.

CASE CHARACTERISTICS FOR PURPOSES OF DETERMINING IF CASE IS APPROPRIATE FOR MEDIATION

DO PARTIES HAVE A CURRENT, PAST OR RECURRENT RELATIONSHIP? [ ] YES [X] NO
IF YES, IS THAT RELATIONSHIP [ ] EMPLOYER-EMPLOYEE [ ] FRIEND/NEIGHBOR [ ] OTHER (explain)____ [ ] FAMILIAL [ ] BUSINESS

DOES THE STATUTE GOVERNING THIS CASE PROVIDE FOR PAYMENT OF FEES BY THE LOSING PARTY? [X] YES [ ] NO

USE THIS SPACE TO ALERT THE COURT TO ANY SPECIAL CASE CHARACTERISTICS THAT MAY WARRANT INDIVIDUAL MANAGEMENT OR ACCELERATED DISPOSITION:

SUPERIOR COURT
MIDDLESEX COUNTY
RECEIVED & FILED
JAN 0 ? 2009
GREGORY EDWARDS
DEPUTY CLERK
OF SUPERIOR COURT

DO YOU OR YOUR CLIENT NEED ANY DISABILITY ACCOMMODATIONS? [ ] YES [X] NO    IF YES, PLEASE IDENTIFY THE REQUESTED ACCOMMODATION: ____

WILL AN INTERPRETER BE NEEDED? [ ] YES [X] NO    IF YES, FOR WHAT LANGUAGE: ____

ATTORNEY SIGNATURE
Arnold C. Lakind, Esq.

30 - Civil Case Information Statement (CIS)
Appendix XII-B
Rev. 2/08 Effective 2/1/08 P3/08

Powered by HotDocs®

Printed by ALL-STATE LEGAL®
A Division of ALL-STATE International, Inc.
www.aslegal.com 800.222.0510 Page 1





**SIDE 2**

# CIVIL CASE INFORMATION STATEMENT
## (CIS)
Use for initial pleadings (not motions) under *Rule* 4:5-1

**CASE TYPES** (Choose one and enter number of case type in appropriate space on the reverse side.)

**Track I — 150 days' discovery**
| | |
|---|---|
| 151 | NAME CHANGE |
| 175 | FORFEITURE |
| 302 | TENANCY |
| 399 | REAL PROPERTY (other than Tenancy, Contract, Condemnation, Complex Commercial or Construction) |
| 502 | BOOK ACCOUNT (debt collection matters only) |
| 505 | OTHER INSURANCE CLAIM (INCLUDING DECLARATORY JUDGMENT ACTIONS) |
| 506 | PIP COVERAGE |
| 510 | UM or UIM CLAIM |
| 511 | ACTION ON NEGOTIABLE INSTRUMENT |
| 512 | LEMON LAW |
| 801 | SUMMARY ACTION |
| 802 | OPEN PUBLIC RECORDS ACT (SUMMARY ACTION) |
| 999 | OTHER (Briefly describe nature of action) _____ |

_____

**Track II — 300 days' discovery**
| | |
|---|---|
| 305 | CONSTRUCTION |
| 509 | EMPLOYMENT (other than CEPA or LAD) |
| 599 | CONTRACT/COMMERCIAL TRANSACTION |
| 603 | AUTO NEGLIGENCE - PERSONAL INJURY |
| 605 | PERSONAL INJURY |
| 610 | AUTO NEGLIGENCE - PROPERTY DAMAGE |
| 699 | TORT – OTHER |

**Track III — 450 days' discovery**
| | |
|---|---|
| 005 | CIVIL RIGHTS |
| 301 | CONDEMNATION |
| 602 | ASSAULT AND BATTERY |
| 604 | MEDICAL MALPRACTICE |
| 606 | PRODUCT LIABILITY |
| 607 | PROFESSIONAL MALPRACTICE |
| 608 | TOXIC TORT |
| 609 | DEFAMATION |
| 616 | WHISTLEBLOWER/CONSCIENTIOUS EMPLOYEE PROTECTION ACT (CEPA) CASES |
| 617 | INVERSE CONDEMNATION |
| 618 | LAW AGAINST DISCRIMINATION (LAD) CASES |

**Track IV — Active Case Management by Individual Judge/450 days' discovery**
| | |
|---|---|
| 156 | ENVIRONMENTAL/ENVIRONMENTAL COVERAGE LITIGATION |
| 303 | MT. LAUREL |
| 508 | COMPLEX COMMERCIAL |
| 513 | COMPLEX CONSTRUCTION |
| 514 | INSURANCE FRAUD |
| 701 | ACTIONS IN LIEU OF PREROGATIVE WRITS |

**Mass Tort (Track IV)**
| | | | |
|---|---|---|---|
| 241 | TOBACCO | 275 | ORTHO EVRA |
| 248 | CIBA GEIGY | 276 | DEPO-PROVERA |
| 266 | HORMONE REPLACEMENT THERAPY (HRT) | 277 | MAHWAH TOXIC DUMP |
| 271 | ACCUTANE | 278 | ZOMETA/AREDIA |
| 272 | BEXTRA/CELEBREX | 601 | ASBESTOS |
| 274 | RISPERDAL/SEROQUEL/ZYPREXA | 619 | VIOXX |

**If you believe this case requires a track other than that provided above, please indicate the reason on Side 1, in the space under "Case Characteristics."**

Please check off each applicable category:

☐ Verbal Threshold          ☐ Putative Class Action          ☐ Title 59

30 - Civil Case Information Statement (CIS)
Appendix XII-B
Rev. 2/08   Effective 2/1/08   P3/08

Powered by
HotDocs®

Printed by ALL-STATE LEGAL®
A Division of ALL-STATE International, Inc.
www.aslegal.com   800 222.0510   Page 2

56 PATERSON STREET
NEW BRUNSWICK    NJ 08903-2633

TRACK ASSIGNMENT NOTICE

COURT TELEPHONE NO. (732) 519-3728
COURT HOURS                                    JAN 1 4 2009

DATE:   JANUARY 09, 2009
RE:     SWINICK FRANCIS L VS 3M COMPANY
DOCKET: MID L -000215 09

THE ABOVE CASE HAS BEEN ASSIGNED TO:  TRACK 4.

DISCOVERY IS PRESUMPTIVELY 450 DAYS BUT MAY BE ENLARGED OR SHORTENED BY THE
JUDGE AND RUNS FROM THE FIRST ANSWER OR 90 DAYS FROM SERVICE ON THE FIRST
DEFENDANT, WHICHEVER COMES FIRST.

THE MANAGING JUDGE ASSIGNED IS:  HON ANN G. MCCORMICK

IF YOU HAVE ANY QUESTIONS, CONTACT TEAM    005
AT:  (732) 519-3711 EXT 3711.

IF YOU BELIEVE THAT THE TRACK IS INAPPROPRIATE YOU MUST FILE A
CERTIFICATION OF GOOD CAUSE WITHIN 30 DAYS OF THE FILING OF YOUR PLEADING.
PLAINTIFF MUST SERVE COPIES OF THIS FORM ON ALL OTHER PARTIES IN ACCORDANCE
WITH  R.4:5A-2.

ATTENTION:

BARBARA TAFIL

00000

JUMBAR0