UNITED STATES BANKRUPTCY COURT
DISTRICT OF CONNECTICUT
BRIDGEPORT DIVISION

| | |
|---|---|
| In re:<br><br>RAYTECH CORPORATION,<br><br>        Debtor. | Chapter 11<br>Case No. 89-00293 |
| FRANCIS L. SWINICK and BARBARA<br>TAFIL,<br><br>        Plaintiffs,<br><br>v.<br><br>3M COMPANY, et al.,<br><br>        Defendants. | Adversary No. 09-05023 (AHWS)<br><br><br><br>MAY 1, 2009 |

## ANSWER, AFFIRMATIVE DEFENSES, CROSSCLAIMS, ANSWER
## TO ALL CROSSCLAIMS, AND DEMAND FOR JURY TRIAL

Defendant Phelps Dodge Industries, Inc. ("PDI"), a Delaware corporation, incorrectly named in plaintiffs' First Amended Complaint as "Phelps Dodge Cooper," by way of an Answer to the First Amended Complaint, says:

### PARTIES-PLAINTIFFS

1.     It is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 1.

2.     It is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 2.

3.     It denies the allegations contained in paragraph 3 that relate to it, and it is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 3.

4.    It denies the allegations contained in paragraph 4 that relate to it, and it is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 4.

5.    It denies the allegations contained in paragraph 5 that relate to it, and it is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 5.

## PARTIES-DEFENDANTS

6.    It denies the allegations contained in paragraph 6 that relate to it, and it is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 6.

7.    It denies the allegations contained in paragraph 7 that relate to it, and it is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 7.

8.    It denies the allegations contained in paragraph 8 that relate to it, and it is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 8.

9.    It does not respond to the allegations contained in paragraph 9 inasmuch as they do not call for a response.

## FIRST COUNT

10.    It repeats and makes a part hereof each of its responses to paragraphs 1 through 9 above as if fully set forth at length herein.

11.    It denies the allegations contained in paragraph 11 that relate to it, except it admits that it has conducted business in New Jersey, and it is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 11.

12.    It denies the allegations contained in paragraph 12 that relate to it, and it is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 12.

13.    It denies the allegations contained in paragraph 13 that relate to it, and it is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 13.

14.    It denies the allegations contained in paragraph 14 that relate to it, and it is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 14.

15.    It denies the allegations contained in paragraph 15 that relate to it, and it is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 15.

## SECOND COUNT

16.    It repeats and makes a part hereof each of its responses to paragraphs 1 through 15 above as if fully set forth at length herein.

17.    It denies the allegations contained in paragraph 17 that relate to it, and it is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 17.

18.    It denies the allegations contained in paragraph 18 that relate to it, and it is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 18.

## THIRD COUNT

19.    It repeats and makes a part hereof each of its responses to paragraphs 1 through 18 above as if fully set forth at length herein.

20.    It denies the allegations contained in paragraph 20 that relate to it, and it is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 20.

21.    It denies the allegations contained in paragraph 21 that relate to it, and it is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 21.

22.    It denies the allegations contained in paragraph 22 that relate to it, and it is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 22.

## FOURTH COUNT

23.    It repeats and makes a part hereof each of its responses to paragraphs 1 through 22 above as if fully set forth at length herein.

24.    It denies the allegations contained in paragraph 24 that relate to it, and it is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 24.

25.    It denies the allegations contained in paragraph 25 that relate to it, and it is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 25.

26.    It denies the allegations contained in paragraph 26 that relate to it, and it is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 26.

27.    It denies the allegations contained in paragraph 27 that relate to it, and it is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 27.

28.    It denies the allegations contained in paragraph 28 that relate to it, and it is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 28.

29.    It denies the allegations contained in paragraph 29 that relate to it, and it is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 29.

## FIFTH COUNT

30.    It repeats and makes a part hereof each of its responses to paragraphs 1 through 29 above as if fully set forth at length herein.

31.    It is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 31.

32.    It denies the allegations contained in paragraph 32 that relate to it, and it is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 32.

## AFFIRMATIVE DEFENSES

PDI has not had an opportunity to conduct a sufficient inquiry of the facts underlying this lawsuit. After having completed discovery in this case, PDI will voluntarily withdraw those of the following affirmative defenses that are unsupported by the facts revealed in pre-trial discovery and investigation. Additionally, PDI will rely upon all defenses lawfully available to it at the time of trial and reserves the right to amend its answer as necessary. Nothing herein may be construed to suggest that PDI bears the burden of proof on any of the issues set forth below. On the basis of the above, and for further answer by way of affirmative defenses, PDI alleges as follows:

## FIRST AFFIRMATIVE DEFENSE

PDI was free of any and all negligence.

## SECOND AFFIRMATIVE DEFENSE

PDI acted reasonably and with due care.

## THIRD AFFIRMATIVE DEFENSE

Plaintiffs' fault was greater than any alleged fault of PDI and, accordingly, plaintiffs are barred from recovery.

## FOURTH AFFIRMATIVE DEFENSE

Plaintiffs' First Amended Complaint fails to state a claim upon which relief against PDI can be granted.

## FIFTH AFFIRMATIVE DEFENSE

Plaintiffs have failed to join indispensable parties to this action.

## SIXTH AFFIRMATIVE DEFENSE

Plaintiffs' action is barred, in whole or in part, by the applicable statute(s) of limitations.

## SEVENTH AFFIRMATIVE DEFENSE

PDI is not liable to plaintiffs in strict liability in tort.

## EIGHTH AFFIRMATIVE DEFENSE

The alleged sale and/or manufacturer of products by PDI as referred to in the First Amended Complaint is not subject to the warranty acts as embodied in the Connecticut and/or New Jersey Uniform Commercial Code.

## NINTH AFFIRMATIVE DEFENSE

At all times relevant hereto, PDI complied with all applicable laws, regulations and standards.

## TENTH AFFIRMATIVE DEFENSE

To the extent that the cause of action set forth in plaintiffs' First Amended Complaint seeks damages for which payment was received from collateral sources, such damages are barred by, or subject to deduction under, the provisions of Conn. Gen. Stat. § 52-225b and/or N.J.S.A. 2A:15—97 *et seq.*

## ELEVENTH AFFIRMATIVE DEFENSE

Plaintiffs' damages, if any, are limited by, and recovery, if PDI should be found negligent, is diminished by, plaintiffs' negligence or comparative responsibility in failing to exercise due and proper care, which negligence is greater than the negligence of PDI in accordance with the Comparative Negligence Act, N.J.S.A. 2A:I5-5.1, *et seq.*, or regardless of whether plaintiff's negligence is greater than PDI subject to reduction under Conn. Gen. Stat. § 52-572o.

## TWELFTH AFFIRMATIVE DEFENSE

Plaintiffs' claim is barred from recovery pursuant to the Conn. Gen. Stat. § 52-572m, *et seq.*, and/or the New Jersey Product Liability Act, N.J.S.A. 2A:58C-1, *et seq.* in that the state of the medical and scientific knowledge and the state of the art regarding PDI's products and/or their contents, at all times material hereto, was such that PDI never knew nor could have known that its products presented any risk or harm to the plaintiff if such products were properly used.

## THIRTEENTH AFFIRMATIVE DEFENSE

All plaintiffs' claims and/or causes of action are pre-empted by the federal regulations of the Occupational Safety and Health Administration ("OSHA") and other applicable federal laws and regulations.

## FOURTEENTH AFFIRMATIVE DEFENSE

PDI denies the existence and/or the applicability of the doctrines of absolute, enterprise, market share, concerted action, risk contribution or alternate liability under applicable law and the facts of this case, and denies that it is liable under any of those theories.

## FIFTEENTH AFFIRMATIVE DEFENSE

PDI supplied asbestos-containing products to conform to the specifications of plaintiffs' employers.

## SIXTEENTH AFFIRMATIVE DEFENSE

PDI is not liable to plaintiffs as a successor to any corporation or other entity.

## SEVENTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' claim is governed by the law of a state other than the forum state.

## EIGHTEENTH AFFIRMATIVE DEFENSE

No product for which PDI may be responsible was a substantial contributing factor in causing plaintiffs any illness, injury, and/or disease.

## NINETEENTH AFFIRMATIVE DEFENSE

The amount of any judgment rendered in favor of plaintiffs and which can be collected from defendants or any of them must be reduced by the percentage of liability assessed against any bankrupt person or entity whose asbestos-containing product was a substantial contributing factor in causing the injury alleged by plaintiffs and plaintiffs' decedent. This defense also applies to the successors to or persons or entities otherwise responsible for any such bankrupt person or entity.

## TWENTIETH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred by the doctrines of laches, waiver and estoppel.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

Any alleged defect or risk or known foreseeable danger attendant to the use of asbestos-containing products was known, or should have been known, to plaintiff at the same time they became known, if at all, to PDI, and plaintiff willingly, knowingly, and voluntarily exposed himself thereto and assumed the risk thereof, and, therefore, recovery is barred.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

If it is judicially determined that PDI was negligent or breached a duty as alleged, which is specifically denied, then such negligence or breach of duty was not a proximate cause of the injuries and damages claimed.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

Plaintiffs' claims against PDI are barred because damages or losses experienced, if any, were not due to any act or omission of PDI, but were caused solely by the intervening acts or omissions of a third-party or parties other than PDI, including, but not limited to, plaintiff's employers, for whose acts or failure to act PDI is not liable or responsible and over whom PDI had neither control nor the right of control.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

PDI denies that there existed any warranties, either express or implied, between it and the plaintiffs in this action. If any warranties, either express or implied, existed in this case, which PDI denies, PDI did not breach said warranties.

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

If PDI, its servants or agents made any express warranties, allegations which the PDI specifically denies, then plaintiffs did not rely on the express warranties and, further, there was no such reliance by any person or entity authorized to represent plaintiffs.

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

Plaintiffs, prior to the filing of their original Complaint, never informed PDI by notification or otherwise, of any breach of express and/or implied warranties. Plaintiffs failed to give reasonable notice of the alleged breach of warranties within a reasonable time as required by law. Consequently, plaintiffs' claims for alleged breaches of warranties against PDI are barred.

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE

PDI denies that privity of contract between plaintiffs and itself ever existed. Consequently, plaintiffs' claims for alleged breaches of warranties are barred.

## TWENTY-EIGHTH AFFIRMATIVE DEFENSE

If PDI was negligent or in breach of warranty, all of which it expressly denies, PDI's liability in any or all of these events has been terminated by the intervening acts, omissions or negligence of others over whom PDI had neither control, nor the right of control, and for whose conduct PDI is not legally responsible or liable.

## TWENTY-NINTH AFFIRMATIVE DEFENSE

PDI denies that there was any defect or negligent mining, processing, manufacture, design, testing, investigation, fashioning, packaging, distribution, delivery, and/or sale, in any asbestos product or material referred to in plaintiffs' First Amended Complaint, but if there was any

defect or negligence as alleged, which PDI expressly denies, then PDI is not liable as it justifiably relied upon inspection by others in the regular course of trade and business.

## THIRTIETH AFFIRMATIVE DEFENSE

Plaintiff's employer or its agents, servants or employees were in control and possession of the surrounding environment and worksite of its employees, including plaintiff, and was charged with the responsibility of maintaining a safe workplace for such persons under its control, and failed to do so, thereby exposing plaintiff to an alleged unreasonable condition.

## THIRTY-FIRST AFFIRMATIVE DEFENSE

Plaintiff's employer or employers were negligent with respect to the matters set forth in the First Amended Complaint, and such negligence caused in whole or in part whatever disease, injury, or disability, if any, which plaintiff may have sustained, as set forth in the First Amended Complaint. If plaintiffs are determined to be entitled to recover against PDI, which PDI specifically denies, plaintiffs are not entitled to recover in the amount set forth in the First Amended Complaint because plaintiffs' claims are barred or limited by any and all workers' compensation payments against any judgment which might be rendered in plaintiff's favor.

## THIRTY-SECOND AFFIRMATIVE DEFENSE

PDI expressly denies that it manufactured, designed, and/or sold any products referred to in plaintiffs' First Amended Complaint which caused injury to plaintiff. Notwithstanding, at all times and places mentioned in the First Amended Complaint, plaintiff and/or other persons without PDI's knowledge and approval re-designed, modified, altered, and used PDI's products contrary to instructions and contrary to the custom and practice of the industry. This redesign, modification, alteration, and use so substantially changed the product's character that if

there was a defect in the product, which PDI specifically denies, such defect resulted solely from the re-design, modification, alteration or other such treatment or change and not from any act or omission by PDI. Therefore, said defect, if any, was created by plaintiff and/or other persons, as the case may be, and was the direct and proximate cause of the injuries and damages, if any, that plaintiff allegedly suffered.

### THIRTY-THIRD AFFIRMATIVE DEFENSE

PDI expressly denies that it manufactured, designed and/or sold any products referred to in plaintiffs' First Amended Complaint which caused injury to plaintiff. Notwithstanding, at all times and places mentioned in the First Amended Complaint, plaintiff and/or other persons used PDI's products, if indeed any were used, in an unreasonable manner, not reasonably foreseeable to PDI, and for a purpose for which the products were not intended, manufactured, or designed. Plaintiff's injuries and damages, if any, were directly and proximately caused by said misuse and abuse, and plaintiffs' recovery herein, if any, is barred or must be diminished in proportion to the fault attributable to plaintiff and/or such other parties or persons.

### THIRTY-FOURTH AFFIRMATIVE DEFENSE

At all times and places mentioned in the First Amended Complaint, plaintiff has failed to take reasonable precaution for his own safety and otherwise failed to make reasonable efforts to mitigate or minimize his injuries and damages, if any.

### THIRTY-FIFTH AFFIRMATIVE DEFENSE

If plaintiff was exposed to any of PDI's products, which PDI expressly denies, then PDI is not liable to the plaintiffs as a matter of law because any such product was manufactured, supplied and delivered in accordance with government specifications, government contracts and/or

at the direction of government officers. The knowledge of the United States Government and its agencies of any possible health hazards from use of such products was equal or superior to that of PDI, and by reasons thereof, PDI is entitled to such immunity from liability as exists in favor of the United States Government or its agencies.

### THIRTY-SIXTH AFFIRMATIVE DEFENSE

The claims in the First Amended Complaint and each Count thereof that seek exemplary or punitive damages are groundless in fact and fail to state a claim upon which relief can be granted.

### THIRTY-SEVENTH AFFIRMATIVE DEFENSE

The claims in the First Amended Complaint and each Count thereof that seek exemplary or punitive damages violate PDI's right to due process and equal protection under the law and are otherwise unconstitutional under the Fifth and Fourteenth Amendments of the United States Constitution and all applicable provisions of the Constitutions of the State of Connecticut and/or the State of New Jersey.

### THIRTY-EIGHTH AFFIRMATIVE DEFENSE

An award of exemplary or punitive damages against PDI would violate the excessive fines clause of the Eighth Amendment as applied to the states through the Fourteenth Amendment and all applicable provisions of the Constitutions of the State of Connecticut and/or the State of New Jersey.

### THIRTY-NINTH AFFIRMATIVE DEFENSE

The causes of action asserted by plaintiffs, to the extent that plaintiffs are unable to identify the manufacturer or manufacturers of the products which allegedly caused injury, fail to

state a claim upon which relief can be granted because such relief, if granted, would constitute a taking of PDI's property for a public use without just compensation, in violation of PDI's constitutional rights.

## FORTIETH AFFIRMATIVE DEFENSE

The causes of action asserted by plaintiffs, to the extent that plaintiffs are unable to identify the manufacturer or manufacturers of the products which allegedly caused injury, fail to state a claim upon which relief can be granted, because such relief, if granted, would constitute a violation of PDI's constitutional rights to substantive and procedural due process of law.

## FORTY-FIRST AFFIRMATIVE DEFENSE

The causes of action asserted by plaintiffs, to the extent that plaintiffs are unable to identify the manufacturer or manufacturers of the products which allegedly caused injury, fail to state a claim upon which relief can be granted, because such relief, if granted, would constitute a denial by this Court of PDI's constitutional right to equal protection under the law.

## FORTY-SECOND AFFIRMATIVE DEFENSE

PDI avers that if plaintiffs have settled with and/or released other defendants or entities who are tortfeasors, PDI is entitled to a reduction of any judgment either in the total of all the settlement amounts or the pro-rata share of fault of said tortfeasors as determined by the Court or jury, whichever is greater.

## FORTY-THIRD AFFIRMATIVE DEFENSE

Plaintiff's employers, by their agents, servants and employees, at all times relevant hereto, were learned intermediaries and sophisticated users, possessed a high degree of knowledge and sophistication in relation to PDI, had superior means and ability to appreciate any alleged

hazard regarding the use of asbestos material, had means and ability superior to that of PDI to warn the plaintiff, and failed to warn the plaintiff of the alleged hazard.

## FORTY-FOURTH AFFIRMATIVE DEFENSE

If plaintiffs establish any exposure to PDI's products, which PDI expressly denies, said exposure was *de minimis* and so minimal as to be insufficient to establish to a reasonable degree of probability that its products caused or contributed to plaintiff's claimed injuries.

## FORTY-FIFTH AFFIRMATIVE DEFENSE

PDI avers that there was no conspiracy.

## FORTY-SIXTH AFFIRMATIVE DEFENSE

Inasmuch as plaintiffs are not lawfully married to each other, plaintiff Barbara Tafil has no standing to assert either a spousal or loss of consortium claim.

## FORTY-SEVENTH AFFIRMATIVE DEFENSE

The injuries complained of by the plaintiffs are wholly or partially caused by independent means, including, *inter alia*, the conduct and habits of plaintiff and exposure to other particulates in the environment.

## FORTY-EIGHTH AFFIRMATIVE DEFENSE

PDI never made any affirmation of fact or representation, or conducted itself in any manner, so as to constitute an express or implied warranty.

### FORTY-NINTH AFFIRMATIVE DEFENSE

No representation, affirmation of fact, or other conduct regarding the alleged sale of products containing asbestos was made or offered with the intent of the parties to such sale or transfer that such conduct constitutes a "basis of the bargain."

### FIFTIETH AFFIRMATIVE DEFENSE

Plaintiffs fail to state a claim in express or implied warranty of merchantability or fitness for a particular purpose because no particular purpose is alleged as between the buyer and sellers so as to permit a cause of action by plaintiffs.

### FIFTY-FIRST AFFIRMATIVE DEFENSE

Plaintiff is not a person whom PDI could reasonably have expected to use, consume, or be affected by any allegedly defective products.

### FIFTY-SECOND AFFIRMATIVE DEFENSE

Even if plaintiff came into contact with any asbestos-containing product manufactured by PDI, which is specifically denied, PDI's products complied with all health and safety statutes and regulations.

### FIFTY-THIRD AFFIRMATIVE DEFENSE

Even if plaintiff came into contact with any asbestos-containing product manufactured by PDI, which is specifically denied, such contact was not a cause of plaintiff's alleged injuries because PDI's asbestos-containing products were encapsulated and impregnated such that, when those products were properly used, no asbestos fibers were released into the air or, if asbestos fibers were released into the air, the amount was *de minimis* and well below current government standards.

**FIFTY-FOURTH AFFIRMATIVE DEFENSE**

Even if plaintiff came into contact with any product manufactured by PDI, which is specifically denied, plaintiff has failed to establish that such product contained asbestos.

**FIFTY-FIFTH AFFIRMATIVE DEFENSE**

Plaintiff's common law and statutory claims—except statutory claims under the Connecticut Product Liability Act—are barred by the exclusivity provision of the Connecticut Product Liability Act, Conn. Gen. Stat. § 52-572n.

WHEREFORE, defendant Phelps Dodge Industries, Inc. demands that the Complaint against it (and any subsequent amendments thereto) be dismissed with prejudice.

**CROSSCLAIMS**

Defendant Phelps Dodge Industries, Inc. ("PDI"), by way of Crossclaim against all other defendants, however constituted, joined in this action or to be joined in this action, says:

**FIRST COUNT**

1. While denying any liability for the alleged incident and damages alleged in the Complaint (and any subsequent amendments thereto), if judgment is recovered by plaintiffs against PDI, the damages allegedly sustained by plaintiffs arose through the direct and primary negligence of and/or other tortious actions of the co-defendants, and the alleged negligence of PDI was merely secondary, constructive, technical, imputed and/or vicarious.

2.   Accordingly, said co-defendants are obligated, by the operation of law or otherwise, to indemnify PDI and to hold and save PDI harmless from any and all claims as to the subject incident and damages.

WHEREFORE, defendant PDI demands judgment against all co-defendants and indemnification for any and all sums as may be found due against it in favor of plaintiffs, together with interest and costs.

## SECOND COUNT

3.   It repeats and makes a part hereof each of the allegations contained in paragraphs 1 and 2 above as if fully set forth at length herein.

4.   Pursuant to Fed. R. Civ. P. 13 and/or R. 4:7-5(b) of the Rules Governing the Courts of the State of New Jersey, PDI is entitled to contribution under the Conn. Gen. Stat. § 52-572o and/or the New Jersey Joint Tortfeasors Contribution Act, N.J.S.A. 2A:53A *et seq.* and, further, in accordance with the Conn. Gen. Stat. § 52-572o and/or the New Jersey Comparative Negligence Act, N.J.S.A. 2A:15-5 *et seq.*, from and against all defendants, however constituted, joined in this action, or to be joined in this action.

WHEREFORE, defendant PDI demands judgment against all co-defendants and contribution for any and all sums as may be found due against it in favor of plaintiffs, together with interest and costs.

## ANSWER TO ALL CROSSCLAIMS

Defendant PDI denies any and all allegations in any Crossclaims or other claims for contribution or indemnity asserted against it or to be asserted against it by any other party herein.

## DEMAND FOR JURY TRIAL

Defendant PDI hereby demands a trial by jury as to all issues contained herein.

DEFENDANT, PHELPS DODGE
INDUSTRIES, INC.

By: ___/s/ Thomas D. Goldberg_____
       Thomas D. Goldberg (ct04386)
       Joseph K. Scully (ct26541)
For  Day Pitney LLP
       One Canterbury Green
       Stamford, CT 06901
       Tel. No.: (203) 977-7300
       Facsimile No.: (203) 977-7301
       email: tgoldberg@daypitney.com

Its Attorneys

## CERTIFICATE OF SERVICE

This is to certify that on May 1, 2009 a copy of the foregoing was filed electronically. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by regular first-class mail to counsel unable to accept electronic filing. Parties may access this filing through the Court's CM/ECF system.

s/ Thomas D. Goldberg